DONALD F. ZIMMER, JR. (SBN 112279)
  *fzimmer@kslaw.com*
WILLIAM E. STEIMLE (SBN 203426)
  *wsteimle@kslaw.com*
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, CA  94105
Telephone:  +1 415 318 1200
Facsimile:    +1 415 318 1300

Attorneys for Defendants
COLOPLAST CORP.

## IN THE UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CRUZ, et al., | Case No.: 8:18-cv-01539-JVS-JDE |
| Plaintiffs, | **MEMORANDUM IN SUPPORT OF DEFENDANT COLOPLAST CORP.'S MOTION TO DISMISS CERTAIN COUNTS OF THE SECOND AMENDED COMPLAINT** |
| v. | |
| JOHNSON & JOHNSON, et al., | **F.R.C.P. 12(b)(6)** |
| Defendants. | Date:        February 25, 2018<br>Time:        1:30 p.m.<br>Judge:       Hon. James V. Selna<br>Courtroom:   Santa Ana 10C |

1

## I.      INTRODUCTION

Plaintiffs filed this product liability and loss of consortium action alleging that Plaintiff Julie Cruz sustained injury as a result of being implanted with Restorelle Y, a surgical mesh implant for treatment of pelvic organ prolapse manufactured by Coloplast Corp. ("Coloplast").  Second Amended Complaint ("SAC") Doc. 46 attached to this memorandum as Exhibit 1, ¶¶ 19, 49.  The Court previously dismissed plaintiff's fraud-based causes of action for lacking the particularity required by Rule 9(b) of the Federal Rules of Civil Procedure.  Order Granting Defendant's Motion to Dismiss ("Order") Doc. 44, pp. 4-5.  The Court also dismissed plaintiff's concealment claims, finding that plaintiff failed to allege facts showing Coloplast owed plaintiff a duty of disclosure, which exists only if plaintiff and Coloplast were in a fiduciary or transactional relationship. *Id*. at 5-6.  Plaintiff amended her complaint to provide some additional detail relating to her affirmative misrepresentation claim.  Plaintiff's causes of action for fraudulent concealment (4th Count) and constructive fraud (5th Count), however, still fail to state a claim for the following reasons.

First, plaintiff's fraudulent concealment count fails because the SAC does not allege facts that would give rise to a duty of disclosure.  Absent a fiduciary or transactional relationship between plaintiff and Coloplast, no duty of disclosure exists, which is a required element of a cause of action for fraudulent concealment. Here, plaintiff does not – and cannot – allege a fiduciary relationship between herself and Coloplast.  She does not fit any of the traditional examples of fiduciary relationships – such as, trustee/beneficiary, directors and majority shareholders of a corporation, business partners, joint venturers, or agent/principal.  She also has not alleged any facts showing that Coloplast voluntarily accepted this alleged relationship, which is necessary to the existence of a fiduciary relationship.

Plaintiff also does not – and cannot – allege a transactional relationship between herself and Coloplast.  Rather, she affirmatively alleges that the

1  transaction at issue in this case – the sale of Restorelle Y – occurred between

2  Coloplast and plaintiff's physician; not plaintiff.  Plaintiff erroneously attempts to

3  invoke an agency theory – i.e., that her physician acted as her agent in the

4  transaction with Coloplast – to argue that she was part of the transaction with

5  Coloplast.  California law, however, requires that plaintiff be in a direct transaction

6  with the defendant before a duty to disclose arises for a cause of action for

7  fraudulent concealment.  Further, even if plaintiff's meritless agency theory were

8  correct, she does not allege any facts to support this conclusory allegation, which

9  the Court should disregard.  Accordingly, the Complaint fails to allege that

10  plaintiff and Coloplast were in a fiduciary or transactional relationship.  It, thus,

11  fails to allege the existence of a duty of disclosure to plaintiff.

12    Second, plaintiff's cause of action for constructive fraud also requires the

13  existence of a fiduciary relationship between the parties.  As discussed above and

14  more fully below, no fiduciary or confidential relationship existed between

15  plaintiff and Coloplast.

16    Accordingly, Coloplast respectfully requests the Court to grant this Motion

17  to Dismiss plaintiff's causes of action for fraudulent concealment and constructive

18  fraud pursuant to Federal Rule of Civil Procedure 12(b)(6).

19  ## II. ARGUMENT

20    ### A. Legal Standard

21    Dismissal for insufficiency of a complaint is proper under Federal Rule of

22  Civil Procedure 12(b)(6) if the complaint fails to state a claim on its face, because

23  it lacks either a cognizable legal theory or facts sufficient to support a cognizable

24  legal claim.  See *Johnson v. Riverside Healthcare Sys. LP*, 534 F.3d 1116, 1121-22

25  (9th Cir. 2008); see also *N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 583

26  (9th Cir. 1983).  While the court must accept as true the well-pleaded factual

27  allegations of the complaint, the court need not accept as true "allegations that are

28  merely conclusory, unwarranted deductions of fact, or unreasonable inferences."

*St. Clare v. Gilead Scis., Inc.*, 536 F. 3d 1049, 1055 (9th Cir. 2008).  "[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  *Moss v. United States Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

**B.    Plaintiff's Fraudulent Concealment Count Fails to Allege Facts Giving Rise to a Duty to Disclose on the Part of Coloplast**

To state a cause of action for fraudulent concealment, the defendant must have been under a duty to disclose some fact to the plaintiff, such that the failure to do so can be deemed actionable fraud.  *Hahn v. Mirda*, 147 Cal.App.4th 740, 745 (2007).  The elements of an action for fraud based on concealment are as follows: (1) the defendant concealed or suppressed a material fact; (2) the defendant was under a duty to disclose the material fact to the plaintiff; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was unaware of the fact and would not have acted as he or she did if he or she knew of the concealed or suppressed fact; and (5) the concealment or suppression of the fact caused the plaintiff damage.  *Marketing West, Inc. v. Sanyo Fisher (USA) Corp*., 6 Cal.App.4th 603, 612-13 (1992).

The second element of fraudulent concealment – a duty to disclose – only exists when the defendant is in a fiduciary or transactional relationship with the plaintiff.  *Deteresa v. Am. Broad. Cos.*, 121 F.3d 460, 467 (9th Cir. 1997); *LiMandri v. Judkins*, 52 Cal.App.4th 326, 336-337 (1997).  "There are 'four circumstances in which nondisclosure or concealment may constitute actionable fraud: (1) when the defendant is in a fiduciary relationship with the plaintiff; (2) when the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) when the defendant actively conceals a material fact from the plaintiff; and (4) when the defendant makes partial representations but also

1  suppresses some material facts.'"  *LiMandri*, 52 Cal.App.4th at 336 (internal

2  citation omitted).  While the latter three scenarios do not require a fiduciary

3  relationship, they do require "the existence of some other relationship between the

4  plaintiff and defendant in which a duty to disclose can arise."  *Id*. at 336-37.

5  "[S]uch a relationship can *only* come into being as a result of some sort of

6  *transaction* between the parties."  *Id*. at 337 (first emphasis added, second

7  emphasis in original); *Deteresa*, 121 F.3d at 467.  The SAC fails to allege facts

8  showing either such relationship.

9          Plaintiff fails to allege facts showing the existence of a fiduciary relationship

10  between herself and Coloplast.

11              A fiduciary relationship is any relation existing between parties
12              to a transaction wherein one of the parties is in duty bound to
                act with the utmost good faith for the benefit of the other party.
13              Such a relation ordinarily arises where a confidence is reposed
                by one person in the integrity of another, and in such a relation
14              the party in whom the confidence is reposed, if he voluntarily
                accepts or assumes to accept the confidence, can take no
15              advantage from his acts relating to the interest of the other party
16              without the latter's knowledge or consent ….

17              Traditional examples of fiduciary relationships in the
18              commercial context include trustee/beneficiary, directors and
                majority shareholders of a corporation, business partners, joint
19              venturers, and agent/principal.

20  *Wolf v. Superior Court*, 107 Cal.App.4th 25, 29-30 (2003).  Plaintiff has not

21  alleged – and cannot allege – that she was in any of these traditional types of

22  fiduciary relationships with Coloplast.  Moreover, she has not alleged – and cannot

23  plausibly allege – that Coloplast voluntarily accepted such a relationship.  Instead,

24  plaintiff has alleged that Coloplast was on the opposite side of a sales transaction

25  with plaintiff's physician or St. Jude Medical Center, the hospital where the

26  surgery occurred ("St. Jude").  SAC, ¶ 49, 134.  Thus, plaintiff has alleged no

27  facts demonstrating the existence of a fiduciary relationship between herself and

28  Coloplast.  Accordingly, her conclusory allegations that a fiduciary relationship

1  existed (see *id.*, ¶¶151, 155) must be disregarded.  *Iqbal*, 556 U.S. at 677-78 (a

2  court must not "accept as true a legal conclusion couched as a factual allegation.")

3         Additionally, plaintiff does not — and cannot — allege facts establishing

4  any transaction between Coloplast and herself.  Plaintiff alleges that the sale of

5  Restorelle Y at issue in this case occurred between Coloplast and plaintiff's

6  physician or St. Jude.  SAC, ¶ 49, 134.  She erroneously asserts that she should still

7  be considered a party to this transaction because her physician was acting as her

8  agent when communicating with Coloplast.  *Id.*, ¶ 138.  The transactional

9  relationship required to impose a duty to disclose, however, is a direct transaction

10 between plaintiff and the defendant.  *See Bigler-Engler v. Breg, Inc.*, 7 Cal.App.5th

11 276, 311-312 (2017) ("Such a transaction must necessarily arise from direct

12 dealings between the plaintiff and the defendant ….")

13        Further, even if California law permitted plaintiff's erroneous use of agency

14 theory here, plaintiff alleges no facts to support her conclusory allegation that Dr.

15 Santos acted as plaintiff's agent with respect to the sale of Restorelle Y to Dr.

16 Santos or St. Jude.  There are three essential characteristics of an agent relationship

17 under California law: "(1) an agent or apparent agent holds a power to alter the

18 legal relationships between the principal and third persons and between the

19 principal and himself; (2) an agent is a fiduciary with respect to matters within the

20 scope of the agency; and (3) a principal had the right to control the conduct of the

21 agent with respect to matters entrusted to him."  *Gerritsen v. Warner Bros. Ent.*

22 *Inc.*, 116 F.Supp.3d 1104, 1146 (C.D. Cal. 2015).  Plaintiff has not alleged facts

23 supporting any of these characteristics, nor can she plausibly do so.

24        In particular, plaintiff has not alleged that she had the power to control Dr.

25 Santos' communications and transactions with Coloplast.  Further, the SAC

26 contains no allegation that Dr. Santos ever held the power to alter plaintiff's legal

27 relationships.  For plaintiff's use of agency theory to be correct, plaintiff would

28 have to allege that Dr. Santos had the power to bind plaintiff to an agreement to

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

1  purchase Restorelle Y from Coloplast and that this transaction actually occurred.

2  Plaintiff cannot plausibly make such an allegation, because it is the doctor, or more

3  likely the medical facility, that acquires the medical device and then independently

4  charges plaintiff or her insurance for it.  Similarly, there is no allegation that

5  Coloplast knew Dr. Santos was acting on behalf of plaintiff, as opposed to any

6  number of unidentified patients of Dr. Santos.  As such, even if plaintiff could rely

7  on an agency theory here to make her a part of the alleged transaction between

8  Coloplast and Dr. Santos (or St. Jude), she has failed to allege such a theory in

9  anything more than conclusory terms that the Court must disregard.  *Iqbal*, 556

10 U.S. at 677-78 (a court must not "accept as true a legal conclusion couched as a

11 factual allegation.")

12      No fiduciary or transactional relationship exists between plaintiff and

13 Coloplast.  Thus, there is no duty of disclosure on the part of Coloplast.  As this

14 duty is a necessary element of plaintiff's fraudulent concealment count, this cause

15 of action fails to state a claim and plaintiff will be unable to cure this defect by

16 further amendment.

### C.   Plaintiff's Constructive Fraud Count Fails Because There Was No Fiduciary Relationship Between Plaintiff and Coloplast

19      "Constructive fraud is a unique species of fraud applicable only to a

20 fiduciary or confidential relationship."  *Michel v. Moore & Associates, Inc.*, 156

21 Cal.App.4th 756, 762 (2007), citing *Assilzadeh v. California Federal Bank*, 82

22 Cal.App.4th 399, 415 (2000).  "A 'fiduciary relation' in law is ordinarily

23 synonymous with a 'confidential relation."  *Wolf*, 107 Cal.App.4th at 29-30.  As

24 with a fiduciary relation, a confidential relation "exists between two persons when

25 one has gained the confidence of the other and purports to act or advise with the

26 other's interest in mind. … [I]t is particularly likely to exist where there is a

27 family relationship or one of friendship or such a relation of confidence as that

28 which arises between physician and patient or priest and penitent."  *Davies v.*

7

1  *Krasna*, 14 Cal.3d 502, 510 (1975).  Moreover, as with fiduciary relations, a

2  confidential relationship only exists where the defendant knows of and accepts the

3  relationship of trust with the plaintiff.  *Id.* ("in the absence of an acceptance of

4  trust, which is the essence of a confidential relationship [citation] violation of

5  confidence does not create a cause of action in constructive fraud."  For the reasons

6  stated above in Section II. B., plaintiff has failed to allege facts showing the

7  existence of a fiduciary relationship with Coloplast.  Similarly, plaintiff has failed

8  to allege any facts establishing a confidential relationship between herself and

9  Coloplast.  She cannot plausibly do so, because she does not fit into the traditional

10  types of relationships mentioned above, nor can she allege that Coloplast knew of

11  and accepted a relationship of trust with plaintiff.  Indeed, there is no indication

12  Coloplast even knew that plaintiff was a patient of Dr. Santos or that she would be

13  implanted with Restorelle Y.

14        Absent the required fiduciary or confidential relationship, plaintiff has failed

15  to state a claim for constructive fraud under California law and, for the reasons

16  stated above, she will be unable to do so.  Accordingly, the court should dismiss

17  plaintiff's constructive fraud count without leave to amend.

18  **III.    CONCLUSION**

19        For the foregoing reasons, Coloplast respectfully requests the Court to grant

20  its motion to dismiss plaintiff's fourth and fifth counts for fraudulent concealment

21  and constructive fraud, respectively.  As plaintiff has already had an opportunity to

22  amend the complaint and she cannot plausibly amend it further to remedy the

23  ///

24  ///

25  ///

26

27

28

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS

deficiencies in these counts, the Court should dismiss these counts without leave to amend.

DATED:  January 23, 2019          **KING & SPALDING LLP**


By:  /s/ William E. Steimle
     Donald F. Zimmer, Jr.
     William E. Steimle

     Attorneys for Defendants
     COLOPLAST CORP.

## **CERTIFICATE OF SERVICE**

The undersigned counsel for Defendants hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically through the CM-ECF (electronic case filing) system to all counsel of record to those registered to receive a Notice of Electronic Filing for this case on January 23, 2019.


/s/ William E. Steimle
William E. Steimle

Attorney for Defendants
COLOPLAST CORP.

MEMORANDUM IN SUPPORT OF MOTION TO DISMISS