DONALD F. ZIMMER, JR. (SBN 112279)
 fzimmer@kslaw.com
WILLIAM E. STEIMLE (SBN 203426)
 wsteimle@kslaw.com
**KING & SPALDING LLP**
101 Second Street, Suite 2300
San Francisco, CA  94105
Telephone:  +1 415 318 1200
Facsimile:   +1 415 318 1300

Attorneys for Defendants
COLOPLAST CORP.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE CRUZ and RAY CRUZ,<br><br>　　　　Plaintiffs,<br><br>　v.<br><br>JOHNSON & JOHNSON; ETHICON, INC.; and COLOPLAST CORP.,<br><br>　　　　Defendants. | Case No.: 8:18-cv-01539-JVS-JDE<br><br>**REPLY BRIEF IN SUPPORT OF DEFENDANT COLOPLAST CORP.'S MOTION TO DISMISS**<br><br>Date:　　　February 25, 2019<br>Time:　　　1:30 p.m.<br>Judge:　　　Hon. James V. Selna<br>Courtroom:　Santa Ana 10C |

## I. INTRODUCTION

Plaintiff's Opposition confirms that she was not in a fiduciary or transactional relationship with Coloplast. Plaintiff does not even attempt to argue that she was in a fiduciary relationship with Coloplast, nor could she plausibly do so. Additionally, her Opposition confirms that she was not a party to the transaction between Coloplast and plaintiff's physician. As such, plaintiff has not alleged facts showing the existence of a duty of disclosure, which is an essential element of her fraudulent concealment and constructive fraud counts.

Plaintiff attempts to fabricate a transactional relationship between herself and Coloplast by erroneously arguing that her physician acted as her agent during her physician's alleged transaction with Coloplast. This argument fails because plaintiff's Second Amended Complaint ("SAC") makes this allegation only in a conclusory fashion, which must be disregarded. Further, plaintiff's Opposition makes clear that her relationship with her physician does not meet the essential characteristics of an agency relationship – i.e., the principal's ability to control the activities of the agent and the agent's ability to alter legal relationships between the principal and third parties. In this regard, plaintiff admits that the authority she gave her physician was to assess plaintiff's condition and make recommendations for treatment. While this authority is present in a doctor-patient relationship, it does not create an agency relationship. Further, even if plaintiff could allege facts showing an agency relationship existed, plaintiff cites no authority for her argument that such a relationship absolves her of the requirement under California law that she be in a direct transaction with Coloplast.

Additionally, plaintiff's cause of action for constructive fraud requires that the plaintiff be in a fiduciary or confidential relationship with Coloplast. A transactional relationship alone does not suffice. Nevertheless, plaintiff's SAC and her Opposition point only the alleged transactional relationship between Coloplast and Dr. Santos as the basis for this cause of action. Plaintiff has not alleged and

2
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

cannot plausibly allege the existence of a fiduciary or confidential relationship with Coloplast. Thus, her cause of action for constructive fraud fails independently of her erroneous agency theory.

For these reasons, the Court should dismiss plaintiff's causes of action for fraudulent concealment and constructive fraud. Moreover, as plaintiff's Opposition makes clear, she cannot plead a fiduciary, confidential, or transactional relationship between herself and Coloplast. Thus, the Court should dismiss her concealment and constructive fraud counts without leave to amend.

## II.   ARGUMENT

### A.   Plaintiff Was Not in a Fiduciary or Transactional Relationship with Coloplast and thus No Duty to Disclose Exists for a Fraudulent Concealment Cause of Action

Plaintiff's Opposition only confirms that the fiduciary or transactional relationship necessary for a cause of action for fraudulent concealment is missing in this case. Plaintiff does not even attempt to argue that she was in a fiduciary relationship with Coloplast, nor could she plausibly make such an argument for the reasons stated in Coloplast's moving papers. Additionally, the Opposition affirms that the alleged transaction by which Dr. Santos acquired the Restorelle Y was between Coloplast and Dr. Santos; not plaintiff. Plaintiff erroneously argues that she should be considered a party to that transaction because her physician purportedly acted as her agent in that transaction. Plaintiff's agency argument fails for the following reasons.[1]

First, although plaintiff cites many sections of the California Civil Code regarding agency relationships generally, she fails to address the essential

---

[1] Plaintiff devotes a considerable portion of her Opposition to arguing that Ken Rodman was an agent of Coloplast and, thus, Coloplast was part of the transaction with Dr. Santos. *See* Opp., p. 5:7-13; 6:18 – 7:11; 7:22-25. This is not an issue to be decided in this motion. Coloplast's motion is based on *plaintiff* not being a party to the transaction between Coloplast and Dr. Santos. Coloplast is not arguing in this motion that it was not a party to that alleged transaction.

characteristics of an agency relationship as discussed in Coloplast's moving papers. These characteristics include that (1) the agent must be given the power to alter the legal relationships between the principal and third persons and (2) the principal must have the right to control the conduct of the agent. *See Gerritsen v. Warner Bros. Ent. Inc.*, 116 F.Supp.3d 1104, 1146 (C.D. Cal. 2015); *see also Lewis v. Superior Court*, 30 Cal.App.4th 1850, 1868-69 (1994). Neither the SAC nor the Opposition assert that plaintiff gave Dr. Santos the power to alter (or create) a relationship between plaintiff and Coloplast. Neither document provides any indication that plaintiff had the power to control Dr. Santos' interaction with Coloplast. Indeed, there is nothing to suggest that anything occurred in a manner other than what would be expected here – i.e., Dr. Santos and/or St. Jude Medical Center acquired the Restorelle Y from Coloplast in one transaction and then Dr. Santos and/or St. Jude Medical Center entered into another transaction with plaintiff in which they likely charged plaintiff a higher price for it.[2] Thus, plaintiff's conclusory allegations that Dr. Santos acted as plaintiff's agent (SAC (Doc. 46), ¶¶138, 151) fail to meet both Rule 8 (*see Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (a court must not "accept as true a legal conclusion couched as a factual allegation") and the requirement of Rule 9 that fraud be pleaded with particularity.

Second, plaintiff's Opposition expressly belies her conclusory argument on agency because the authority plaintiff professes to have given Dr. Santos did not relate to Dr. Santos' dealings with third parties. Specifically, plaintiff states that she gave Dr. Santos authority "to assess her treatment and make recommendations as to what her treatment should be." Opposition (Doc. 55), p. 7:14-15. While this

---

[2] The Court previously provided plaintiff leave to amend to specifically allege "the circumstances of the purchase of the Restorelle Y." *See* Order Granting Defendant's Motion to Dismiss (Doc. 44), p. 6. The fact that plaintiff has not done so is telling.

4
REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS

authority is inherent in doctor-patient relationships, it cannot create an agency relationship in which Dr. Santos would have had the power to enter agreements with third parties, like Coloplast, to which plaintiff would be bound. Additionally, seeking the opinion and guidance of a medical professional concerning plaintiff's condition and treatment options does not equate to plaintiff controlling the activities of Dr. Santos during her alleged transaction with Coloplast. Thus, plaintiff's own admissions about her relationship with her doctor demonstrate that no agency relationship existed.

Finally, plaintiff points to no authority allowing for her creative use of agency theory in an attempt to circumvent the requirement of a direct transactional relationship for causes of action for fraudulent concealment. *See Bigler-Engler v. Breg, Inc.*, 7 Cal.App.5th 276, 311-312 (2017) ("Such a transaction must necessarily arise from direct dealings between the plaintiff and the defendant …."). Plaintiff argues that *Bigler-Engler* used the phrase "direct dealings" to distinguish situations where defendant's conduct is directed to the public-at-large. There is no indication, however, that Coloplast had any information that plaintiff was a patient of Dr. Santos or that she would be implanted with Restorelle Y. Absent disclosure of confidential patient information to Coloplast, which is not alleged here, Coloplast's dealings with Dr. Santos could have related to any one of Dr. Santos' current or future patients, making this situation akin to dealings with the public-at-large. Further, *Bigler-Engler* specifically rejected an argument similar to plaintiff's here, reasoning that "Breg did not make any statements at all directly to Engler or her parents. Nor did Engler or her parents receive any statements directly from Breg." *Bigler-Engler*, 7 Cal.App.5th at 313.

As *Bigler-Engler* makes clear, a fraudulent concealment cause of action is reserved for situations where a duty to disclose arises based on particular relationships between the parties. *Id.* at 312. Absent such requirements, a plaintiff could aggrandize any failure to warn claim under negligence and strict liability law

into one for fraud, which is precisely what plaintiff is attempting to do here. *See id.* at 314 ("To hold otherwise would unduly conflate two distinct areas of law, products liability and fraud, and transform every instance of inadequate product warning into a potential claim for fraud.").

For all of these reasons, plaintiff's erroneous agency argument fails to make her a part of the alleged transaction between Coloplast and her physician. Absent a fiduciary or transactional relationship between Coloplast and plaintiff, no duty of disclosure exists for a fraudulent concealment claim. Accordingly, plaintiff's cause of action for fraudulent concealment fails to state a claim.

Plaintiff should be denied further leave to amend because she has already been given that opportunity and her Opposition makes clear that further leave to amend would be futile. Specifically, plaintiff admits that the authority she provided to Dr. Santos related only to assessing plaintiff's condition and recommending treatment options. Plaintiff did not provide Dr. Santos with authority to negotiate any transaction with Coloplast that would bind plaintiff. Accordingly, the Court should deny further leave to amend plaintiff's cause of action for fraudulent concealment.

**B. Plaintiff was Not in a Fiduciary or Confidential Relationship with Coloplast, which is a Required Element of a Cause of Action for Constructive Fraud**

A cause of action for constructive fraud requires the existence of a fiduciary or confidential relationship between plaintiff and defendant. *Michel v. Moore & Associates, Inc.*, 156 Cal.App.4th 756, 762 (2007); *see also* Plaintiff's Opposition, p. 8:14-15. As explained in the moving papers, fiduciary and confidential relations are synonymous. *Wolf v. Superior Court*, 107 Cal.App.4th 25, 29-30 (2003). They exist "between two persons when one has gained the confidence of the other and purports to act or advise with the other's interest in mind." *Davies v. Krasna*, 14 Cal.3d 502, 510 (1975). They require that the defendant know of and accept the relationship of trust with the plaintiff. *Id.*

Plaintiff's Opposition does not address any of these points concerning the existence of a fiduciary or confidential relationship.  Instead, plaintiff again relies on her mistaken argument that she was part of the transaction between Coloplast and her physician.  *See* Opposition, p. 8:13-19.  Even if plaintiff's erroneous theory of agency were correct, a transactional relationship does not suffice to establish a duty of disclosure for a constructive fraud count; a fiduciary or confidential relationship is required.  Thus, plaintiff's Opposition effectively concedes that she was not in the necessary relationship with Coloplast to permit her to sue it for constructive fraud.  This cause of action should be dismissed without leave to amend.

### III. CONCLUSION

For the foregoing reasons, Coloplast respectfully requests the Court to grant its motion to dismiss plaintiff's fourth and fifth counts for fraudulent concealment and constructive fraud without leave to amend.

DATED:  February 11, 2019         **KING & SPALDING LLP**

By:  /s/ William E. Steimle
Donald F. Zimmer, Jr.
William E. Steimle

Attorneys for Defendants
COLOPLAST CORP.

**CERTIFICATE OF SERVICE**

The undersigned counsel for Defendants hereby certifies that a true and correct copy of the foregoing document was filed with the Court and served electronically through the CM-ECF (electronic case filing) system to all counsel of record to those registered to receive a Notice of Electronic Filing for this case on February 11, 2019.

/s/ William E. Steimle
William E. Steimle

Attorney for Defendants
COLOPLAST CORP.